**Michael REYSACK, Appellant,**

v.

**STATE of Iowa, Appellee.**

No. 88–935.

Supreme Court of Iowa.

May 17, 1989.

William L. Wegman, State Public Defender, and Shari Barron, Asst. State Public Defender, for appellant.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and Suzie A. Berregaard, Asst. Atty. Gen., for appellee.

Considered by HARRIS, P.J., and LARSON, NEUMAN, SNELL and ANDREASEN, JJ.

SNELL, Justice.

Postconviction relief applicant, Michael Reysack, contends two prison disciplinary rules a disciplinary committee found he violated are unconstitutionally vague. He also asserts there is not sufficient evidence in the record to support the committee's findings. The district court denied his application for postconviction relief. We affirm.

On July 10, 1987, Reysack was a prisoner assigned to work for the Iowa State Penitentiary Food Service. During a break in his work, Reysack entered the laundry bin area to smoke a cigarette. He contends he was the first inmate in the area and that two other inmates came in later. The food services manual provided:

[S]moking will be permitted during non-break times in the laundry bin area, but loitering of more than two inmates in this area for smoking is prohibited.

Reysack and the other two inmates were observed by Officer McDowell, who informed them they were violating the loitering provision. McDowell also told one of the other inmates that he belonged elsewhere, to which Reysack responded, "So do you, now get." Reysack contends he was referring to an inmate standing next to McDowell. In any event, Reysack was reported by McDowell to have violated institutional rules 25 and 26.

Rule 25 prohibits an inmate without proper authority to be "present in an authorized area or in an area which the inmate currently lacks permission to be present." Rule 26 provides that "an inmate commits verbal abuse when the inmate subjects another person to abusive or defamatory language, remarks, or gestures in writing or orally, and includes insolence or disrespect to another person."

Reysack contends the loitering provision in the food services manual, upon which the rule 25 allegation was based, and rule 26 are unconstitutionally vague. He also contends the facts demonstrate that he did not violate either prohibition.

I. In *Fichtner v. Iowa State Penitentiary*, 285 N.W.2d 751, 759 (Iowa 1979), we noted that:

[D]isciplinary rules of penal institutions do not define crimes, and the full criminal-law strictures on vagueness are inapplicable. Since sanctions are involved, however, disciplinary rules must be intelligible. Applicable here, we think, is much of the rationale of *Parker v. Levy*, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974).

Because we did not have the text of the reformatory rules challenged as vague, however, we could not pass upon that issue. *Id.*

In *Parker*, which dealt with the Uniform Code of Military Justice, the United States Supreme Court held that "the proper standard of review for a vagueness challenge to the articles of the Code is the standard which applies to criminal statutes regulating economic affairs." *Parker*, 417 U.S. at 756, 94 S.Ct. 2562, 41 L.Ed.2d at 458. The Court further noted:

[S]tatutes are not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language. Indeed, we have consistently sought an interpretation which supports the constitutionality of legislation. Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed. In determining the sufficiency of the notice a statute must of necessity be examined in the light of the conduct with which a defendant is charged.

*Id.* at 757, 94 S.Ct. at 2562, 41 L.Ed.2d at 458 (quoting *United States v. National Dairy Products Corp.*, 372 U.S. 29, 32–33, 83 S.Ct. 594, 597, 9 L.Ed.2d 561 (1963)) (citations omitted).

The loitering regulation challenged by Reysack is quite clear. By its terms, loitering of more than two inmates in the laundry bin for smoking is prohibited. The fact that this language does not specify which inmate or inmates should leave the area if more than two are loitering does not make the prohibition against more than two unconstitutionally vague. If more than two inmates are loitering in the area, all are in violation of the regulation.

Reysack's challenge to rule 26 similarly fails. We need not delve into defamation law to determine whether Reysack's comment violated the rule, for the rule further provides that it is meant to encompass "insolence or disrespect to another person." Reysack's comment, "So do you, now get," was without doubt disrespectful to whomever it was directed, McDowell or another inmate.

II. Our discussion above has also addressed the issues raised by Reysack's challenge to the sufficiency of the evidence. The salient facts, including the number of inmates in the laundry bin area and Reysack's comment, were not disputed. We conclude the findings of the disciplinary committee are supported by some evidence. *See Wilson v. Farrier*, 372 N.W.2d 499, 500 (Iowa 1985).

AFFIRMED.